# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD BURGO** | **CIVIL NO. 6:16-0010** |
| **#197078** | |
| **VS.** | **SECTION P** |
| **WARDEN JAMES D. CALDWELL** | **JUDGE WALTER** |
| | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Donald Christopher Burgo filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on January 4, 2016. At the time he filed this petition, Burgo was an inmate in the custody of the Louisiana Department of Corrections incarcerated at the Elayne Hunt Correctional Center.  Burgo has since filed a notice of change of address listing what appears to be a private address.

It is unclear whether petitioner attacks his 2003 convictions for driving while intoxicated and/or violation of a protective order, for which petitioner alleges he was sentenced on November 3, 2003 to serve five years imprisonment by the Sixteenth Judicial District Court for St. Mary Parish, Louisiana, or a more recent conviction for driving while intoxicated, third offense, and/or for violation of a protective order, or a recent revocation of his parole.

Although the petition is rambling, the Court has reviewed the allegations herein with the numerous other petitions and civil rights actions Burgo has filed in

this Court.[1]  Those actions reveal that petitioner was convicted of two counts of cruelty to the infirmed, the victims being petitioner's parents, for which Burgo was ultimately sentenced in 2006 as an habitual offender, to eight year concurrent sentences by the 16th Judicial District Court for St. Mary Parish, Louisiana.[2] Burgo was apparently released from custody on parole on March 24, 2015. *See Donald Christopher Burgo v, Warden,* No. 6:15–cv–00303, 2015 WL 1621385, at fn. 1 (W.D. La. 2015).

Although unclear, it appears sometime thereafter, presumably August 25, 2015, petitioner was apparently again arrested and ultimately charged with driving while intoxicated, third offense, and for a violation of a protective order.

---

[1]Petitioner has filed the following habeas corpus petitions in this Court: *Donald Burgo v. Robert Henderson, Warden*, No. 6:10-cv-1647, 2011 WL 1188703 and 2011 WL 2357218 (W.D. La. 2011); *Donald Burgo v. C. Paul Phelps Correctional Center*, No. 6:11-cv-1338 (W.D. La. 2011); *Donald Burgo v. C. Paul Phelps Correctional Center*, No. 6:12-cv-0705 (W.D. La. 2012) *Donald Burgo v.Louisiana State Penitentiary*, No. 6:15-cv-0303, 2015 WL 1621385 (W.D. La. 2015) (W.D. La. 2015). *Donald Burgo v. Cain,*, No. 2:15-cv-0668 (W.D. La. 2015).

Petitioner has filed the following civil rights actions in this Court: *Burgo v. Fuselier*, No. 2:09-cv-1164 (W.D. La. 2009);  *Burgo v. Ruiz*, No. 6:09-cv-1165 (W.D. La. 2009);  *Burgo v. Stratton*, No. 6:09-cv-1166, 2010 WL 582737 (W.D. La. 2009) *Burgo v. Chalbert Medical Center*, No. 2:09-cv-1223 (W.D. La. 2009);  *Burgo v. Houma-Thibodaux Diocese*, No. 2:09-cv-1225 (W.D. La. 2009);  *Burgo v. Houma-Thibodaux Diocese*, No. 2:09-cv-2009 (W.D. La. 2009); *Burgo v. Stansbury*, No. 5:14-cv-2439 (W.D. La. 2014);  *Burgo v. Burgo Succession*, No. 6:14-cv-3078 (W.D. La. 2014);  *Burgo v. Stansbury*, No. 6:14-cv-3452 (W.D. La. 2014).

As in this case, in many of these prior cases, Burgo complained of his allegedly unlawful arrest by the Morgan City Police Department and of an alleged conspiracy between his ex-wife, Dawn Stratton, and Morgan City Police Officer Debra Fontenot Stratton Cook Jagneaux.

[2]*See Donald Christopher Burgo v, Warden,* No. 6:15–cv–00303, 2015 WL 1621385 (W.D. La. 2015)*; Burgo v. Stratton*, 6:09-1166, 2010 WL 582737, *1 (W.D. La. 2010) *citing Burgo v. Ruiz,* 6:09cv1165 (W.D. La. 2009) and *State v. Burgo*, 07–0227, 958 So.2d 1217  (La. App. 1st  Cir. 6/8/07) (unpublished); *Donald Burgo v. Robert Henderson, Warden*, No. 6:10-cv-1647, 2011 WL 1188703 and 2011 WL 2357218 (W.D. La. 2011).

It also appears that petitioner's prior underlying driving while intoxicated convictions were entered in 2003 and 2011 as petitioner cites state court criminal docket numbers from these years.[3]

Although unclear, it appears that following his most recent August 25, 2015 arrest, petitioner's parole was revoked.[4]  He alleges that a petition for review of that proceeding is pending in the Nineteenth Judicial District Court for East Baton Rouge Parish.

Documents attached to the petition reveal that petitioner was re-incarcerated in early October, 2015, and his revised discharge date was December 5, 2017.

Petitioner complains that he was illegally arrested by the Morgan City Police Department in a location outside of their jurisdiction on an outstanding warrant for criminal damage to property, following a telephone complaint by petitioner's former wife, Dawn Stratton, who called from petitioner's father's residence.  Hence, he claims that "evidence" obtained during the arrest was subject to suppression.  Accordingly, a suppression hearing was pending when petitioner's attorney, Robert P. Fuhrer, allegedly negotiated an *Alford* or *Crosby* plea on petitioner's behalf.  Based on these circumstances, petitioner entered a guilty plea.

---

[3]Petitioner cites 16th JDC docket numbers 2003-161782 and 2011-186266.

[4]With respect to his fourth claim for relief, petitioner alleges the claim arose "since last 8-25-15 arrest. . . ."

Petitioner admits that he did not appeal his convictions.  However, he alleges that he filed numerous state post-conviction challenges, including applications for post-conviction relief, motions to correct an illegal sentence and state *habeas corpus* petitions, all of which were denied by the district court, after which no writs were taken to any appellate court.  Further, with respect to each of these post-conviction challenges, petitioner cites the same 2003 and 2011 state court criminal docket numbers, signifying that these proceedings pertained to his prior convictions, not any new conviction resulting from petitioner's August 25, 2015 arrest.

By this petition, Burgo raises the following claims: (1) that his arrest by the Morgan City Police Department was unlawful because it was effected outside the jurisdiction of that department; (2) that his conviction is fraudulent because it was entered by a court which lacked proper subject matter jurisdiction given that the restraining order was issued without a uniform abuse prevention form, an order signed and filed in the Louisiana registry; (3) that the institution of the prosecution was sanctionable because petitioner's former wife, Dawn Stratton, and Morgan City Police Officer Debra Fontenot Stratton Cook Jagneaux conspired to have petitioner illegally arrested for criminal damage to property, resulting in the charge of driving while intoxicated; and (4) that Louisiana Code of Criminal Procedure 15:574.9 (parole revocation) undermines the mandatory determinate sentencing

provision set froth in Louisiana Code of Criminal Procedure article 881.1.

## Law and Analysis

Regardless of whether petitioner challenges old  or more recent convictions for driving while intoxicated and/or for a violation of a protective order, or his recent parole revocation in this action, in light of the above procedural history, it is clear that petitioner has not fully and properly exhausted any of his claims in the Louisiana state courts before proceeding in this Court.

It is well settled that a petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999);  *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Moreover, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court, in a procedurally proper manner, even when review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999);  *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v.  Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Mercadel,* 179 F.3d at 275 *citing Dupuy v.*

*Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Louisiana, the highest court is the Louisiana Supreme Court.

Thus, in order to properly exhaust a claim, a federal *habeas corpus* petitioner must have fairly presented the substance of his federal Constitutional claims to the Louisiana Supreme Court in a procedurally proper manner.

In this case, petitioner admits that he did not appeal any of the allegedly challenged convictions and further admits that he has never sought review of these convictions in any state appellate court.  Moreover, with respect any revocation of petitioner's parole, petitioner admits that he currently has a petition for review of that proceeding  pending in the Nineteenth Judicial District Court for East Baton Rouge Parish.[5]  Thus, petitioner's claims have never been properly presented to the Louisiana Supreme Court.  Accordingly, review by this federal court is unavailable.  In sum, this court cannot proceed until after the state court has had an opportunity to rule on petitioner's claims.  *Rose v. Lundy*, 455 U.S. 509, 516-518,

---

[5] Challenges to parole revocation are properly brought in the Nineteenth Judicial District Court for East Baton Rouge Parish; a petitioner may seek review therefrom to the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court.  *See*, La.  R.S. 15:571.15; 15:574.2(B)(2); 15:574.11; *State ex rel Lay v.  Cain,* 691 So.2d 135 (La.  App.  1st Cir.  1997).

102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). [6]

For these reasons;

**IT IS RECOMMENDED** that this petition for *habeas corpus* relief be

**DENIED AND DISMISSED WITHOUT PREJUDICE**  because petitioner

failed to fully and properly exhaust available State court remedies prior to filing

his petition.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b),

parties aggrieved by this recommendation have fourteen (14) days from service of

this report and recommendation to file specific, written objections with the Clerk

of Court.  A party may respond to another party's objections within fourteen (14)

days after being served with a copy of any objections or response to the District

Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or**

**the proposed legal conclusions reflected in this Report and Recommendation**

**within fourteen (14) days following the date of its service, or within the time**

---

[6]The Court further notes that to the extent that petitioner is attempting to challenge his 2003 convictions, it appears that any such challenge would be barred by the one year limitation period set froth in 28 U.S.C. § 2244(d).  That limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . . " 28 U.S.C. § 2244(d)(1)(A).Although the Court is unable to definitively calculate the date petitioner's 2003 convictions became final, it is abundantly clear from the numerous *habeas corpus*  petitions and civil rights actions Burgo has filed in this Court that those convictions became final years ago.  It is likewise clear from these proceedings that neither the statutory tolling provision of 28 U.S.C. § 2244(d)(2), nor equitable tolling may be applied to render the instant petition timely filed.

**frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana on February 10, 2016.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE:   __2/11/2016__
BY:   _____EFA_____
TO:   _____DEW_____
bj

8